IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. GUCCIANO,                          )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )        Case No. 05-4037-RDR
                                           )
BUREAU OF ALCOHOL, TOBACCO,                )
FIREARMS, AND EXPLOSIVES, *et al.*,        )
                                           )
                    Defendants.            )

## MEMORANDUM AND ORDER

This matter comes before the court upon plaintiff's motion for leave to file a first amended complaint

(Doc. 23), defendants' motion to withdraw deadlines established in the scheduling order (Doc. 27), and

plaintiff's motion for appointment of counsel (Doc. 3).  For the reasons set forth below, the court grants

in part and denies in part plaintiff's motion for leave to amend, grants defendants' motion to withdraw

scheduling order deadlines, and denies plaintiff's motion for appointment of counsel.

I.      **Background**

        Plaintiff, acting *pro se,* commenced this action on March 31, 2005, by filing a complaint seeking

reinstatement of his federal firearms license and monetary damages for alleged violations of his civil rights.[1]

Plaintiff named as defendants the Bureau of Alcohol, Tobacco, Firearms, and Explosives of the Department

---

[1] *See* Complaint (Doc.1), at § V.

of Treasury (hereinafter "BATF") and Robert P. Mosley, in both his individual capacity and in his official

capacity as the Director of Operations for the BATF in the Kansas area.[2]

Along with his complaint, plaintiff filed a motion for leave to proceed *in forma pauperis* and a

motion for appointment of counsel.[3]  On April 11, 2005, the court granted plaintiff leave to proceed *in*

*forma pauperis* and directed  the clerk's office to proceed with service of process.[4]  The court allowed

the motion for appointment of counsel to remain pending to allow an opportunity for the case to develop

so that the court could properly evaluate whether counsel should be appointed.  A summons was issued

to each defendant on April 12, 2005, and all were returned executed on May 18, 2005.[5]  On May 25,

2005, defendants filed a joint motion to establish a uniform answer deadline,[6] which was granted by the

court on June 2, 2005, and a uniform answer deadline, of July 8, 2005, was established for all defendants.[7]

This answer deadline was later extended to August 8, 2005,[8] and defendants filed their answer to plaintiff's

complaint on that date.[9]

---

[2] *See Id.* at § I.

[3] Docs. 2 & 3, respectively.

[4] Doc. 5.

[5] Docs. 6-8.

[6] Doc. 9.

[7] Doc. 10.

[8] *See* Motion (Doc. 12) and Order (Doc. 13).

[9] Doc. 14.

The court conducted a scheduling conference with the parties, by telephone, on August 15, 2005.[10] During the scheduling conference, plaintiff indicated that he intended to seek leave to file an amended complaint to clarify his claim and simplify proceedings.[11]  After conferring with the parties, the court entered a scheduling order, which provided for a full schedule of discovery and pretrial activities, including, *inter alia*, a deadline for the filing of motions for leave to amend the pleadings of October 19, 2005.[12]  Plaintiff filed his motion for leave to amend on October 19, 2005, in compliance with the scheduling order deadline.[13]  Defendants filed a timely response to plaintiff's motion for leave on November 2, 2005, in which they agreed that plaintiff's motion should be granted except with regard to his continued naming of defendant Mosley in his individual capacity.[14]  Plaintiff has not filed any reply to defendants' response to his motion for leave to amend, and his time to do so has now expired.[15]

Because plaintiff's proposed amendment would, if allowed, abandon his claims for monetary damages and convert this matter into an action for judicial review of an administrative decision  pursuant

---

[10] Doc. 17.

[11] Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 23), at ¶ 2.

[12] Doc. 18.

[13] Doc. 23.

[14] Doc. 25.

[15] Pursuant to D. Kan. Rule 6.1(d)(1), "replies [to responses to nondispositive motions] shall be filed and served within 14 days of the service of the response."  Defendants' response (Doc. 25) to plaintiff's motion for leave to amend (Doc. 23) contains an affidavit of service reflecting that it was served upon plaintiff by first-class mail on November 2, 2005.  The time periods established in D. Kan. Rule 6.1 "include the additional three-day period allowed [for service by mail] under Fed. R. Civ. P. 6(e) and, therefore, apply regardless of the method of service.  As such, any reply to defendants' response was due on or before November 16, 2005, and no such reply has been filed.

to 18 U.S.C. § 923(f)(3), defendants filed their motion to withdraw deadlines established in the scheduling order, on December 7, 2005, seeking to have the court withdraw the discovery deadlines established in the scheduling order and substitute a briefing schedule as contemplated by D. Kan. Rule 83.7(d).[16] Defendants' motion indicates that plaintiff was contacted prior to its filing and stated that he had no objection.[17]  In any event, plaintiff has not filed any response to defendants' motion and the time to do so has now expired.[18]

## II.   Discussion

### A.    Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 23)

Plaintiff seeks leave to file a first amended complaint for the stated purpose of correcting his original complaint and complying with local pleading requirements.[19]  As noted above, plaintiff's motion was filed in compliance with the deadline for motions seeking leave to amend the pleadings in the current scheduling order.[20]

Fed. R. Civ. P. 15 controls the procedure for amending pleadings.  Because plaintiff seeks to amend his complaint after an answer has already been filed, he "may amend. . . only

---

[16] Doc. 27.

[17] Doc. 27, at ¶ 6.

[18] Defendants' motion was served upon plaintiff by first-class mail on December 7, 2005, and pursuant to D. Kan. Rule 6.1(d), any response was due from plaintiff on or before December 21, 2005.

[19] Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 23), at p. 1.

[20] Doc. 18.

4

by leave of court or written consent of the adverse part[ies]; and leave shall be freely given where justice so requires."[21]   As defendants have filed a response agreeing to plaintiff's proposed amendment in every respect except that it continues to name defendant Mosley in his individual capacity, the court finds that their response constitutes written consent within the meaning of the rule to all but the one aspect of the amendment with which they have indicated disagreement.   It therefore remains for the court to determine if plaintiff should be granted leave to name defendant Mosley in his individual capacity in his first amended complaint.

The decision whether to grant leave to amend lies within the discretion of the trial court.[22]   "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[23]   In this instance, defendants have objected to the naming of defendant Mosley in his individual capacity as futile because plaintiff's proposed first amended complaint fails to state a claim for relief against defendant Mosley in his individual capacity.[24]   "The court may deny a motion to amend as futile if the

---

[21] Fed. R. Civ. P. 15(a).

[22] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003) (citing *Woolsey v. Marion Labs.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

[23] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. V. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[24] Defendants' Response to Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 25), at ¶ 2.

proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted."[25]  "Thus, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."[26]  "The court will dismiss a cause of action under Rule 12(b)(6) only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief,[27] or when an issue of law is dispositive."[28]  "The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff."[29]  "The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims."[30]

In the caption of his proposed first amended complaint, plaintiff names Robert P. Mosley as a defendant "in his individual and official capacity as Director of Industry Operations."[31]  However, a review of the allegations contained in plaintiff's proposed first amended complaint reveals no allegations of personal

---

[25] *Stewart*, 216 F.R.D. at 664 (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)).

[26] *Id.* (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001).

[27] *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L..Ed.2d 80(1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998)).

[28] *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

[29] *Id.* (citing *Intercon, Inc. v. Bell Atlantic*, 205 F.3d 1244, 1247 (10th Cir. 2000)).

[30] *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

[31] *See* Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 23), at Ex. 1.

wrongdoing on the part of defendant Mosley and no prayer for relief from defendant Mosley individually. Rather, plaintiff abandons all claims for monetary damages asserted in his original complaint and seeks only a *de novo* review of the denial of his firearms license, an order reinstating his firearms license, and an injunction immediately reinstating his Type 07 Manufacture of Firearms License.[32]

Lawsuits against an official in his individual or personal capacity "seek to impose personal liability upon a governmental official for actions he takes."[33]  Defendant Mosley's name appears twice in plaintiff's proposed First Amended Complaint – once in the caption wherein he is named as a defendant and once in the second paragraph of the complaint, which is devoted to identifying the names and addresses of the parties.[34]

There are no discernable allegations of individual actions on the part of defendant Mosley present in the proposed amended complaint.[35]  On two occasions, in paragraphs eighteen and twenty, there is mention of the Kansas City Director of Industry Operations, which is alleged to be defendant Mosley's title.  The allegation in paragraph eighteen is that plaintiff contacted the "Kansas City Director of Industry Operations *division*" by telephone on or about October 14, 2003, and October 21, 2003.[36]  The allegation in paragraph twenty is that on or about November 21, 2003, and November 26, 2003, plaintiff

---

[32] *Id.* at ¶¶ 35 & 36.

[33] *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

[34] *See* Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 23), at Ex. 1.

[35] *Id.*

[36] *Id.* at ¶ 18 (emphasis added).

sent two complaint letters "by USPS Certified mail to the Kansas City Director of Industry Operations."[37]

Neither of these allegations reference any actions on the part of defendant Mosley, either personally or as

the director of industry operations.

There are allegations of wrongful conduct attributed throughout the complaint to the "Defendant,"

which term is always written in the singular and capitalized.[38]   However, there is nothing in the use of this

term, or the context in which it appears, that suggests to the court that it is being used to represent

defendant Mosley as an individual in any of the allegations in which it appears.

The court does not have the benefit of plaintiff's thoughts on this specific issue, as he did not file

any reply to defendants' response wherein the issue was raised.  Moreover, his failure to file any such reply,

when combined with his acquiescence to defendants' motion to withdraw the scheduling order and treat

this action purely as one for review of an administrative decision on the record, suggests to the court that

he may not be in disagreement with defendants' position on the issue of defendant Mosley being named

in his individual capacity.

In any event, taking all of the allegations contained in plaintiff's proposed first amended complaint

as true for purposes of this analysis, the court cannot discern any allegations that reveal actions for which

the plaintiff "seek[s] to impose personal liability" on defendant Mosley.[39]   Rather, the opposite appears to

be true in that all the relief plaintiff seeks concerns reinstatement of plaintiff's firearms licenses by the BATF

and "[a] victory in a personal-capacity action is a victory against the individual defendant, rather than

---

[37] *Id.* at ¶ 20.

[38] *See, e.g., Id.* at ¶ 10.

[39] *Graham*, 473 U.S. at 165.

against the entity that employs him."[40]   As such, the court concludes that plaintiff's proposed first amended complaint does not state a claim for relief against defendant Mosley that would withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   The court will, therefore, deny plaintiff's motion for leave to amend on the basis of futility with respect to his naming of Robert P. Mosley as a defendant in his individual capacity and will grant plaintiff's motion in all other respects.

Because the court's decision to deny plaintiff leave to amend with respect to his assertion of individual liability against defendant Mosley has the identical effect of an order dismissing a potential claim or party, it can be considered to be dispositive, and plaintiff is entitled to a *de novo* review of that decision by the presiding judge upon the filing of a written objection in accordance with Fed. R. Civ. P. 72(b) and D. Kan. Rule 72.1.4(b).[41]   In the event plaintiff wishes to exercise his right to such a *de novo* review, he should follow the procedures outlined by Fed. R. Civ. P. 72(b) and D. Kan. Rule 72.1.4(b) for filing an objection to a magistrate judge's recommendation on a dispositive matter, and he should file such an objection within ten days of the entry of this order as calculated pursuant to Fed. R. Civ. P. 5 and 6, or on or before **January 20, 2006**.[42]

---

[40] *Id.* at 167-68.

[41] *See Cuenca v. University of Kansas*, 205 F. Supp. 2d 1226, 1228-29 (D. Kan. 2002) (holding that a magistrate judge's order denying leave to amend that has the effect of dismissing potential claims or parties from the lawsuit must be reviewed using a *de novo* standard).

[42] *See* Fed. R. Civ. P. 72(b) ("Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations."); Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."); Fed. R. Civ. P. 6(e) ("Whenever a party has the right . . . to do some act . . . within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B) . . . 3 days hall be added to the prescribed period.");

**B.      Defendants' Motion to Withdraw Deadlines Established in the Scheduling Order (Doc. 27)**

As noted above, defendants' motion asks the court to withdraw the discovery deadlines established in the scheduling order and replace those deadlines with a briefing schedule pursuant to D. Kan. Rule 83.7. The parties appear in agreement that, once plaintiff files his first amended complaint, this case will move forward as an action for judicial review of an administrative decision pursuant to 18 U.S.C. § 923(f)(3). The court agrees and finds that defendants' motion should be sustained and that a briefing schedule pursuant to D. Kan. Rule 83.7 is appropriate.

D. Kan. Rule 83.7 addresses the procedure for review of order of administrative agencies, boards, commissions and officers. It provides for commencement of the action by filing a petition for review of an agency order in the time and form required by the statue authorizing the review, and establishes timing and procedures for the filing of the administrative record and the parties' briefs in support of their respective positions. D. Kan. Rule 83.7(c) states that the agency shall file the record with the clerk of the court when it files its answer to the petition for review unless a different time is provided by the statute authorizing review. D. Kan. Rule 83.7(d) states that the petitioner's brief in support of his petition for review shall conform to the requirements of D. Kan. Rule 7.6 and be filed and served within 45 days after date on which the administrative record is filed. Rule 83.7(d) further states that respondent may file a responsive brief within 30 days after service of petitioner's brief and that petitioner may file a reply brief to respondent's brief within 14 days after service of respondent's brief.

_____

Fed. R. Civ. P. 5(b)(2)(B) (Service may be effected by "[m]ailing a copy to the last known address of the person served. Service by mail is complete on mailing.").

In this instance, the date that plaintiff files and serves his first amended complaint will effectively constitute the filing of the petition for review.  Defendants report in their motion for withdrawal of the discovery deadlines that they are prepared to file a copy of the administrative record at the time they file their answer to the amended complaint.  As such, the court finds that D. Kan. Rule 83.7 provides adequate timing mechanisms to control the remainder of the review process and that there is no need for it to modify that schedule at this time.  The parties may, as provided by the rule, seek modification of the review schedule by order of the court by filing a motion pursuant to D. Kan. Rule 6.1; however, the court will not modify the schedule at this time.

Accordingly, the court the court will grant defendants' motion, withdraw the deadlines established by the scheduling order, and direct that the parties shall, upon the filing of plaintiff's first amended complaint, follow the procedures specified in D. Kan. Rule 83.7.

### C.    Plaintiff's Motion for Appointment of Counsel (Doc. 3)

Plaintiff is proceeding in this matter *in forma pauperis* and has filed the instant motion seeking to have the court appoint counsel to represent him in this matter.  There is no constitutional right to the assistance of counsel in a civil case under the Sixth Amendment.[43]  Nevertheless, pursuant to 28 U.S.C. § 1915(e)(1), the court may "request an attorney to represent any person unable to afford counsel."  In determining whether it is appropriate to request such representation, the court must "give careful consideration to all the circumstances [present in a case] with particular emphasis upon certain factors that

---

[43] *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

11

are highly relevant to a request for counsel."[44]  These factors include the merits of plaintiff's claims, the nature of the factual issues raised in the claims, the plaintiff's ability to present his claims, and the complexity of the legal issues raised by the claims.[45]

The court has deferred ruling on this motion to permit circumstances in the case to evolve to a point where it could make a full and informed determination of plaintiff's request for counsel.  The court has now had the opportunity to observe plaintiff's claims, and his ability to present them, through the medium of his original complaint, his motion to proceed *in forma pauperis*, his participation in the parties' planning report and at the scheduling conference, his motion for leave to amend his complaint, and his proposed first amended complaint.  The court finds that plaintiff has demonstrated an ability to frame and articulate his claims for relief, marshal facts to support his claims, and pray for the relief sought in a clear and comprehensible manner.  He cites to statutes, court rules, and orders in support of his position and appears to recognize what facts are material to the claims he has asserted.  As such, the court finds that plaintiff has demonstrated more than a merely sufficient ability to present and advance his claims.

With the court's rulings above on the motions for leave to amend and to proceed with this action pursuant to D. Kan. Rule 83.7, this matter becomes an action for review upon an established administrative record.  This means that plaintiff will not have to undertake extensive discovery that might present challenges to his ability to obtain the information he needs as an unrepresented party. This also means that

---

[44] *Rucks v. Boegermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[45] *Id.* at 979 (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

plaintiff, absent other direction from the presiding judge, will present his case in writing through a brief and reply brief – a skill with which he has demonstrated proficiency in his past filings with the court.

Moreover, the court does not find that the claims brought by plaintiff in this action to be novel or complex in any way that would put them beyond his ability to adequately state and analyze.  Additionally, the facts of the dispute appear to present no unusual complexities or particular difficulties in development, articulation, or analysis – particularly now that the parties will be working from the record of the prior administrative decision.  As such, court finds that plaintiff has demonstrated more than adequate ability to present what has developed to be a straightforward case, both factually and legally, and that, therefore, his request for counsel should be denied.

## III.    Conclusion

Based upon the foregoing, the court concludes that plaintiff's motion for leave to file first amended complaint (Doc. 23) shall be granted in part and denied in part, that defendants' motion to withdraw deadlines established in the scheduling order (Doc. 27) shall be granted, and that plaintiff's motion for appointment of counsel (Doc. 3) shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to file first amended complaint (Doc. 23) is hereby granted in part and denied in part.  Plaintiff is directed to revise his first amended complaint in accordance with the court's ruling herein, by removal of reference to Robert P. Mosley as a defendant in his individual capacity, and file it with the court on or before **January 20, 2006**.

**IT IS FURTHER ORDERED** that defendants' motion to withdraw deadlines established in the scheduling order (Doc. 27) is hereby granted. The scheduling order (Doc. 18) and all remaining deadlines contained therein are withdrawn and vacated. The parties are directed to follow, upon the filing of plaintiff's first amended complaint, the procedure for review of an administrative decision pursuant to D. Kan. Rule 83.7.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Doc. 3) is hereby denied.

**IT IS SO ORDERED.**

Dated this 30th day of December, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge